FILED BY _____ JAO _____ D.C.

**Feb 18, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| | | 1:21cr00136-001 |
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* |
| | | 1:22-tp-20009-KMM |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| | District of Columbia | US District Court |
| Felipe Márquez | NAME OF SENTENCING JUDGE | |
| | Rudolph Contreras | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |

| OFFENSE |
|---|
| Disorderly or Disruptive Conduct in a Restricted Building or Grounds 18 USC § 1752(a)(2) |

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____  DISTRICT OF ____Columbia____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ___Southern District of Florida___ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

____12/11/2021____
*Date*

_____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ____Southern____  DISTRICT OF ____Florida____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

__02/18/22__
*Effective Date*

____K. M. Moore____
*United States District Judge*

AO 245B (Rev 09/19)   Judgment in a Criminal Case
Sheet 1



# UNITED STATES DISTRICT COURT

District of Columbia

FILED

DEC 13 2021

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES OF AMERICA

v.

Felipe Marquez

)
)
)
)
)
)
)
)
)
)

**JUDGMENT IN A CRIMINAL CASE**

Case Number:  CR 21-136 (01)

USM Number:  25996-509

Cara K. Halverson, Esq.
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)     Count Three (3) of the Indictment filed on 2/19/2021

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1752 (a) (2) | Disorderly or Disruptive Conduct in a Restricted Building or Grounds | 1/6/2021 | 3 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   1,2,4,5          ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/10/2021
Date of Imposition of Judgment

Signature of Judge

Rudolph Contreras, U.S. District Court Judge
Name and Title of Judge

12/11/2021
Date

AO 245B (Rev 09/19)   Judgment in a Criminal Case
                  Sheet 4—Probation

Judgment—Page __2__ of __6__

DEFENDANT:  Felipe Marquez
CASE NUMBER:  CR 21-136 (01)

## PROBATION

You are hereby sentenced to probation for a term of:

Eighteen (18) months [1 year, 6 months].

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7. ☑ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev 09/19)   Judgment in a Criminal Case
Sheet 4A — Probation

Judgment—Page ___3___ of ___6___

DEFENDANT:  Felipe Marquez
CASE NUMBER: CR 21-136 (01)

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev 09/19)   Judgment in a Criminal Case
Sheet 4B — Probation

Judgment--Page  __4__  of  __6__

DEFENDANT:   Felipe Marquez
CASE NUMBER:   CR 21-136 (01)

## ADDITIONAL PROBATION TERMS

Financial Information Disclosure - Until all financial obligations imposed herein are satisfied, you must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the United States Attorney's Office.

You are ordered to make restitution to the Architect of the Capitol in the amount of $500.00. The court determined you do not have the ability to pay interest and therefore waives any interest or penalties that may accrue on the balance.

Restitution Obligation – You must pay the balance of any restitution owed at a rate of no less than $50 each month and provide verification of same to the Probation Office.

Mental Health Treatment - You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). This includes signing any release forms necessary for Probation to ensure compliance with the terms of Probation.

Mental Health Medication - You must take all mental health medications that are prescribed by your treating physician.

Vocational Services Program - You must participate in a vocational services program and follow the rules and regulations of that program. Such a program may include job readiness training and skills development training.

Location Monitoring - You shall be monitored by Radio Frequency or GPS monitoring (at the discretion of the Probation Office supervising your Probation) and shall abide by all technology requirements for a period of 3 months (from the date of sentencing). The costs of participating in the location monitoring program are waived. This form of location monitoring technology is ordered to monitor the following restriction on movement in the community as well as other court imposed conditions of release: you are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court ordered obligations; or other activities as pre approved by the probation office.

Substance Abuse Testing - You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

Substance Abuse Assessment and Treatment - If deemed necessary after a thorough assessment, you must participate in an inpatient and/or outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

AO 245B (Rev 09/19)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __6__

DEFENDANT: Felipe Marquez
CASE NUMBER: CR 21-136 (01)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 25.00 | $ 500.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk of Court for the United States | $500.00 | $500.00 | |
| District Court, District of Columbia | | | |
| for disbursement to the following victim: | | | |
| | | | |
| Architect of the Capitol | | | |
| Office of the Chief Financial Officer | | | |
| Attention : Kathy Sherrill, CPA | | | |
| Ford House Office Building, Rm H2-205B | | | |
| Washington DC 20515 | | | |

| TOTALS | $ 500.00 | $ 500.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 09/19)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page   6   of   6

DEFENDANT:  Felipe Marquez
CASE NUMBER:   CR 21-136 (01)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☐   Lump sum payment of $   525.00            due immediately, balance due

    ☐   not later than  ___ , or
    ☑   in accordance with   ☐ C,   ☑ D,   ☐ E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☑   Payment in equal   monthly   (e.g., weekly, monthly, quarterly) installments of $ 50.00 ___ over a period of  11 ___ (e.g., months or years), to commence  30 days  (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:
    The financial obligations ($ 25.00 Special Assessment and $500.00 Restitution) are immediately payable to the Clerk of the Court for the U.S. District Court, 333 Constitution Ave NW, Washington, DC 20001. Within 30 days of any change of address, you shall notify the Clerk of the Court of the change until such time as the financial obligations are paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

Case Number
Defendant and Co-Defendant Names
(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.



U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

**August 31, 2021**

Cara Kurtz Halverson, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004
cara_halverson@fd.org

          Re:   <u>United States v. Felipe Marquez</u>
                 Criminal Case No. 21-cr-136

Dear Ms. Halverson:

     This letter sets forth the full and complete plea offer to your client, Felipe Marquez (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on September 8, 2021. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). The terms of the offer are as follows:

    1.     **<u>Charges and Statutory Penalties</u>**

     Your client agrees to plead guilty to Count 3 of the Indictment, charging your client with Disorderly or Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2).

     Your client understands that a violation of 18 U.S.C. § 1752(a)(2) carries a maximum sentence of one (1) year of imprisonment; a fine of $100,000, pursuant to 18 U.S.C. § 3571(b)(5); a term of supervised release of not more than 1 year, pursuant to 18 U.S.C. § 3583(b)(3); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

     In addition, pursuant to 18 U.S.C. § 3013(a)(1)(A)(iii), your client agrees to pay a special assessment of $25 per class A misdemeanor conviction to the Clerk of the United States District

Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2018) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that, if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

2.  **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

3.  **Additional Charges**

In consideration of your client's guilty plea to the above offenses, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. The Government will request that the Court dismiss the remaining counts of the Indictment in this case at the time of sentencing. Your client agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

After the entry of your client's plea of guilty to the offense identified in paragraph 1 above, your client will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this Agreement and about which this Office was made aware by your client prior to the execution of this Agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this Agreement.

4.  **Sentencing Guidelines Analysis**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

A.  **Estimated Offense Level Under the Guidelines**

The parties agree that the following Sentencing Guidelines sections apply:

| | | |
|---|---|---|
| U.S.S.G. § 2B2.3(a) | Base Offense Level | **4** |
| U.S.S.G. § 2B2.3(b)(1)(A) | Specific Offense Characteristic | **2** |

Total Offense Level          **6**

Acceptance of Responsibility

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the Estimated Offense Level will be at least 4.

### B.      Estimated Criminal History Category

Based upon the information now available to this Office (including representations by the defense), your client has no criminal convictions.

Accordingly, your client is estimated to have 0 criminal history points and your client's Criminal History Category is estimated to be I (the "Estimated Criminal History Category"). Your client acknowledges that after the pre-sentence investigation by the United States Probation Office, a different conclusion regarding your client's criminal convictions and/or criminal history points may be reached and your client's criminal history points may increase or decrease.

### C.      Estimated Guidelines Range

Based upon the Estimated Offense Level and the Estimated Criminal History Category set forth above, your client's estimated Sentencing Guidelines range is 0 months to 6 months (the "Estimated Guidelines Range"). In addition, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 4, the estimated applicable fine range is $500 to $9,500. Your client reserves the right to ask the Court not to impose any applicable fine.

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range set forth above is warranted, except the Government reserves the right to request an upward departure pursuant to U.S.S.G. § 3A1.4, n. 4. Except as provided for in the "Reservation of Allocution" section below, the parties also agree that neither party will seek any offense-level calculation different from the Estimated Offense Level calculated above in

Page **3** of **11**

subsection A.  However, the parties are free to argue for a Criminal History Category different from that estimated above in subsection B.

Your client understands and acknowledges that the Estimated Guidelines Range calculated above is not binding on the Probation Office or the Court.  Should the Court or Probation Office determine that a guidelines range different from the Estimated Guidelines Range is applicable, that will not be a basis for withdrawal or recission of this Agreement by either party.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement.  Should your client commit any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

5.      **Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the Estimated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below. However, the parties agree that either party may seek a variance and suggest that the Court consider a sentence outside of the applicable Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

6.      **Reservation of Allocution**

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty, to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. The parties also reserve the right to address the correctness of any Sentencing Guidelines calculations determined by the presentence report writer or the court, even if those calculations differ from the Estimated Guidelines Range calculated herein.   In the event that the Court or the presentence report writer considers any Sentencing Guidelines adjustments, departures, or calculations different from those agreed to and/or estimated in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court or the presentence report writer and to allocute for a sentence within the Guidelines range, as ultimately determined by the Court, even if the Guidelines range ultimately determined by the Court is different from the Estimated Guidelines Range calculated herein.

In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. **Court Not Bound by this Agreement or the Sentencing Guidelines**

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation. The Government and your client will be bound by this Agreement, regardless of the sentence imposed by the Court. Any effort by your client to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

8. **Conditions of Release**

Your client acknowledges that, although the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release, including requesting that your client be detained pending sentencing, if your client engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or pose a danger to any person or the community. Your client also agrees that any violation of your client's release conditions or any misconduct by your client may result in the Government filing an ex parte motion with the Court requesting that a bench warrant be issued for your client's arrest and that your client be detained without bond while pending sentencing in your client's case.

9. **Waivers**

      A.    **Statute of Limitations**

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

### B.    Trial Rights

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

### C.    Appeal Rights

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute. Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### D.    Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2), but agrees to waive the right to appeal the denial of such a motion.

### E.    Hearings by Video Teleconference and/or Teleconference

Your client agrees to consent, under the CARES Act, Section 15002(b)(4) and otherwise, to hold any proceedings in this matter – specifically including but not limited to presentment, initial appearance, plea hearing, and sentencing – by video teleconference and/or by teleconference and to waive any rights to demand an in-person/in-Court hearing. Your client further agrees to not challenge or contest any findings by the Court that it may properly proceed by video teleconferencing and/or telephone conferencing in this case because, due to the COVID-19 pandemic, an in-person/in-Court hearing cannot be conducted in person without seriously jeopardizing public health and safety and that further there are specific reasons in this case that any such hearing, including a plea or sentencing hearing, cannot be further delayed without serious harm to the interests of justice.

### F.    Use of Self-Incriminating Information

The Government and your client agree, in accordance with U.S.S.G. § 1B1.8, that the Government will be free to use against your client for any purpose at the sentencing in this case

or in any related criminal or civil proceedings, any self-incriminating information provided by your client pursuant to this Agreement or during the course of debriefings conducted in anticipation of this Agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

### G.   Restitution

Your client acknowledges that the riot that occurred on January 6, 2021, caused as of May 17, 2021, approximately $1,495,326.55 damage to the United States Capitol. Your client agrees as part of the plea in this matter to pay restitution to the Architect of the Capitol in the amount of $500.

Payments of restitution shall be made to the Clerk of the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, your client agrees to disclose fully all assets in which your client has any interest or over which your client exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Your client agrees to submit a completed financial statement on a standard financial disclosure form which has been provided to you with this Agreement to the Financial Litigation Unit of the United States Attorney's Office, as it directs. If you do not receive the disclosure form, your client agrees to request one from usadc.ecfflu@usa.doj.gov. Your client will complete and electronically provide the standard financial disclosure form to usadc.ecfflu@usa.doj.gov 30 days prior to your client's sentencing. Your client agrees to be contacted by the Financial Litigation Unit of the United States Attorney's Office, through defense counsel, to complete a financial statement. Upon review, if there are any follow-up questions, your client agrees to cooperate with the Financial Litigation Unit. Your client promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement could be prosecuted as a separate crime punishable under 18 U.S.C. § 1001, which carries an additional five years' incarceration and a fine.

Your client expressly authorizes the United States Attorney's Office to obtain a credit report on your client in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment, including without limitation by administrative offset. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically imposes a schedule of payments.

Your client certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to

make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

10.      **Breach of Agreement**

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement.  In the event of such a breach:  (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement.  Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses.  Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement.  In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

11.      **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor.  It also does not

bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than September 8, 2021.

Sincerely yours,

Channing D. Phillips
Acting United States Attorney

By:

Jeffrey S. Nestler
Assistant United States Attorney

<u>DEFENDANT'S ACCEPTANCE</u>

I have read every page of this Agreement and have discussed it with my attorney, Cara Kurtz Halverson. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 09/01/2021

_____
Felipe Marquez
Defendant

<u>ATTORNEY'S ACKNOWLEDGMENT</u>

I have read every page of this Agreement, reviewed this Agreement with my client, Felipe Marquez, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 09/01/21

_____
Cara Kurtz Halverson, Esq.
Attorney for Defendant

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**

**Grand Jury Sworn in on January 8, 2021**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **MAGISTRATE NO. 21-MJ-074** |
| | : | |
| **FELIPE MARQUEZ,** | : | **VIOLATIONS:** |
| | : | **18 U.S.C. §§ 1512(c)(2), 2** |
| **Defendant.** | : | **(Obstruction of an Official Proceeding)** |
| | : | **18 U.S.C. § 1752(a)(1)** |
| | : | **(Entering and Remaining in a Restricted** |
| | : | **Building or Grounds)** |
| | : | **18 U.S.C. § 1752(a)(2)** |
| | : | **(Disorderly and Disruptive Conduct in a** |
| | : | **Restricted Building or Grounds)** |
| | : | **40 U.S.C. § 5104(e)(2)(C)** |
| | : | **(Entering and Remaining in Certain** |
| | : | **Rooms in the Capitol Building)** |
| | : | **40 U.S.C. § 5104(e)(2)(D)** |
| | : | **(Disorderly Conduct in** |
| | : | **a Capitol Building)** |

## I N D I C T M E N T

The Grand Jury charges that:

### COUNT ONE

On or about January 6, 2021, within the District of Columbia and elsewhere, **FELIPE MARQUEZ** attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, by entering and remaining in the United States Capitol without authority and engaging in disorderly and disruptive conduct.

> **(Obstruction of an Official Proceeding and Aiding and Abetting,** in violation of Title 18, United States Code, Sections 1512(c)(2) and 2)

## COUNT TWO

On or about January 6, 2021, in the District of Columbia, **FELIPE MARQUEZ** did unlawfully and knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President and Vice President-elect were temporarily visiting, without lawful authority to do so.

> **(Entering and Remaining in a Restricted Building or Grounds**, in violation of Title 18, United States Code, Section 1752(a)(1))

## COUNT THREE

On or about January 6, 2021, in the District of Columbia, **FELIPE MARQUEZ** did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President and Vice President-elect were temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions.

> **(Disorderly and Disruptive Conduct in a Restricted Building or Grounds**, in violation of Title 18, United States Code, Section 1752(a)(2))

## COUNT FOUR

On or about January 6, 2021, in the District of Columbia, **FELIPE MARQUEZ** willfully and knowingly, and with the intent to disrupt the orderly conduct of official business, entered and remained in a room in any of the Capitol Buildings set aside and designated for the use of either

House of Congress and a Member, committee, officer, and employee of Congress, and either

House of Congress, and the Library of Congress, without authorization to do so.

**(Entering and Remaining in Certain Rooms in the Capitol Building**, in violation of
Title 40, United States Code, Section 5104(e)(2)(C))

## COUNT FIVE

On or about January 6, 2021, in the District of Columbia, **FELIPE MARQUEZ** willfully

and knowingly engaged in disorderly and disruptive conduct in any of the Capitol Buildings with

the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either

House of Congress, and the orderly conduct in that building of a hearing before or any deliberation

of, a committee of Congress or either House of Congress.

**(Disorderly Conduct in a Capitol Building**, in violation of Title 40, United States Code,
Section 5104(e)(2)(D))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia.

3

Query    Reports    Utilities    Help    What's New    Log Out

CAT B,CLOSED

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: 1:21-cr-00136-RC-1

Case title: USA v. MARQUEZ

Date Filed: 02/19/2021

Magistrate judge case number:  1:21-mj-00074-RMM

Assigned to: Judge Rudolph Contreras

### Defendant (1)

**FELIPE MARQUEZ**

represented by **Cara Kurtz Halverson**
FEDERAL PUBLIC DEFENDER
625 Indiana Ave NW
Suite 550
Washington, DC 20004
(202) 208-7500
Email: cara_halverson@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

| Pending Counts | Disposition |
|---|---|
| 18 U.S.C. 1752(a)(2); TEMPORARY RESIDENCE OF THE PRESIDENT; Disorderly and Disruptive Conduct in a Restricted Building or Grounds (3) | Defendant sentenced to eighteen (18) months probation with conditions. Special Assessment of $25 imposed. Restitution of $500 ordered. |

### Highest Offense Level (Opening)

Petty Offense

| Terminated Counts | Disposition |
|---|---|
| 18 U.S.C. 1512(c)(2) and 2; TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of an Official Proceeding and Aiding and Abetting (1) | Dismissed on Oral Motion of the Government. |

| | |
|---|---|
| 18 U.S.C. 1752(a)(1); TEMPORARY RESIDENCE OF THE PRESIDENT; Entering and Remaining in a Restricted Building or Grounds (2) | Dismissed on Oral Motion of the Government. |
| 40 U.S.C. 5104(e)(2)(C); FEDERAL STATUTES, OTHER; Entering and Remaining in Certain Rooms in the Capitol Building (4) | Dismissed on Oral Motion of the Government. |
| 40 U.S.C. 5104(e)(2)(D); FEDERAL STATUTES, OTHER; Disorderly Conduct in a Capitol Building (5) | Dismissed on Oral Motion of the Government. |

**Highest Offense Level (Terminated)**

Felony

**Complaints**                              **Disposition**

COMPLAINT in Violation of
18:1752(a)(1) and 40:5104(e)(2)

---

**Plaintiff**

USA                    represented by    **Jeffrey S. Nestler**
U.S. ATTORNEY'S OFFICE
555 Fourth Street NW
Washington, DC 20530
202-252-7277
Email: jeffrey.nestler@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | clear | Docket Text |
|---|---|---|---|
| 01/15/2021 | 1 | ☐ | SEALED COMPLAINT as to FELIPE MARQUEZ (1). (Attachments: # 1 Affidavit in Support) (bb) [1:21-mj-00074-RMM] (Entered: 01/16/2021) |
| 01/15/2021 | 3 | ☐ | MOTION to Seal Case by USA as to FELIPE MARQUEZ. (Attachments: # 1 Text of Proposed Order)(bb) [1:21-mj-00074-RMM] (Entered: 01/16/2021) |
| 01/15/2021 | 4 | ☐ | ORDER granting 3 Motion to Seal Case as to FELIPE MARQUEZ (1). Signed by Magistrate Judge Robin M. Meriweather on 1/15/2021. (bb) [1:21-mj-00074-RMM] (Entered: 01/16/2021) |
| 01/19/2021 | | | Case unsealed as to FELIPE MARQUEZ (bb) [1:21-mj-00074-RMM] (Entered: 01/21/2021) |

| 01/19/2021 | 5 | ☐ | Rule 5(c)(3) Documents Received as to FELIPE MARQUEZ from US District Court Southern District of Florida Case Number 21-mj-6020- AOV (bb) [1:21-mj-00074-RMM] (Entered: 01/27/2021) |
|---|---|---|---|
| 01/19/2021 | | | Arrest of FELIPE MARQUEZ in US District Court Southern District of Florida. (bb) [1:21-mj-00074-RMM] (Entered: 01/27/2021) |
| 01/21/2021 | | | MINUTE ORDER as to FELIPE MARQUEZ. It is hereby ORDERED that Defendant appear for an initial appearance on February 3, 2021 at 1:00 p.m. The hearing will be conducted by video teleconference; call-in instructions will be provided to counsel prior to the hearing. Counsel for the United States is directed to ensure that counsel for Defendant has received this Order and will provide the information to Defendant. If Defendant does not have counsel, counsel for the United States is directed to contact the Office of the Federal Public Defender for the District of District of Columbia and provide their office with the information contained in this Order. If the parties have questions about this Order or the scheduled hearing, please contact the Courtroom Deputy at 202-354-3114. Signed by Magistrate Judge G. Michael Harvey on 1/21/2021. (zpt) [1:21-mj-00074-RMM] (Entered: 01/21/2021) |
| 02/03/2021 | 12 | ☐ | Arrest Warrant, dated 1/15/2021, returned executed in the U.S. District Court for the District of Columbia on 2/3/2021 as to Defendant FELIPE MARQUEZ. (kk) (bb). (Entered: 03/09/2021) |
| 02/03/2021 | | | ORAL MOTION by Defendant FELIPE MARQUEZ to Appoint Counsel. (kk) (Entered: 03/09/2021) |
| 02/03/2021 | | | ORAL MOTION by USA for Speedy Trial Exclusion from 2/3/2021 to 2/24/2021 as to FELIPE MARQUEZ. (kk) (Entered: 03/09/2021) |
| 02/03/2021 | | | Minute Entry for Initial Appearance as to FELIPE MARQUEZ held by video before Magistrate Judge Robin M. Meriweather on 2/3/2021 : The Court advised the Government of its due process obligations under Rule 5(f). Defendant agreed to appear by video. Oral Motion by Defendant to Appoint Counsel, heard and granted. Assistant Federal Public Defender Cara Halverson appointed to represent FELIPE MARQUEZ. Preliminary Hearing set for 2/24/2021 at 1:00 PM by Telephonic/VTC before Magistrate Judge Robin M. Meriweather. Oral Motion by USA for Speedy Trial Exclusion from 2/3/2021 to 2/24/2021, with concurrence by the defendant, heard and granted in the interest of justice. Bond Status of Defendant: Defendant placed on Personal Recognizance Bond. Court Reporter: FTR Gold - Ctrm. 16; FTR Time Frames: 1:50:18 - 2:01:14 and 2:01:21 - 2:14:41. Defense Attorney: Cara Halverson; U.S. Attorney: Kelly Smith for Jeffrey Nestler; Pretrial Officer: Shay Holman. (kk) (Entered: 03/09/2021) |
| 02/10/2021 | 8 | ☐ | ORDER Setting Conditions of Release as to FELIPE MARQUEZ (1) Personal Recognizance. Signed by Magistrate Judge Robin M. Meriweather on 2/10/2021. (ztl)[1:21-mj-00074-RMM] (Additional attachment(s) added on 4/20/2021: # 1 Appearance Bond) (zkk). (Entered: 02/17/2021) |
| 02/19/2021 | 9 | ☐ | INDICTMENT as to FELIPE MARQUEZ (1) count(s) 1, 2, 3, 4, 5. (zltp) (Entered: 02/22/2021) |
| 02/22/2021 | 11 | ☐ | NOTICE OF ATTORNEY APPEARANCE: Cara Kurtz Halverson appearing for FELIPE MARQUEZ (Halverson, Cara) (Entered: 02/22/2021) |

| 02/23/2021 | | | NOTICE OF HEARING as to FELIPE MARQUEZ: Arraignment set for 3/3/2021 at 2:30 PM before Judge Rudolph Contreras via Zoom Video. (tj) (Entered: 02/23/2021) |
|---|---|---|---|
| 02/23/2021 | | | MINUTE ORDER as to FELIPE MARQUEZ (1) In light of the fact that Magistrate Case for Defendant FELIPE MARQUEZ has closed and merged into Criminal Number 21-136, and an indictment has been filed, the preliminary hearing previously scheduled for February 24, 2021 before Judge Meriweather is VACATED. The parties are respectfully directed to address any scheduling requests to the presiding district judge, Judge Rudolph Contreras. Signed by Magistrate Judge Robin M. Meriweather on 2/23/2021. (zpt) (Entered: 02/23/2021) |
| 03/03/2021 | | | Minute Entry for proceedings held before Judge Rudolph Contreras:Arraignment as to FELIPE MARQUEZ on Counts 1,2,3,4 and 5 held on 3/3/2021. Defendant consents to video proceedings and enters a Plea of Not Guilty on Counts 1-5 and waives the formal reading of the Indictment. Status Conference set for 5/5/2021 at 10:30 AM by VTC before Judge Rudolph Contreras. The Court finds it in the interest to toll the speedy trial clock from 3/3/21 through 5/5/21. Bond Status of Defendant: remains on personal recognizance. Court Reporter: Sara Wick; Defense Attorney: Cara K. Halverson; US Attorney: Jeffrey S. Nestler. (lsj) (Entered: 03/03/2021) |
| 03/03/2021 | | | MINUTE ORDER as to FELIPE MARQUEZ: Pursuant to the Due Process Protections Act, the Court ORDERS that all government counsel shall review their disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, as set forth in Local Criminal Rule 5.1, and comply with those provisions. The failure to comply could result in dismissal of the indictment or information, dismissal of individual charges, exclusion of government evidence or witnesses, continuances, Bar discipline, or any other remedy that is just under the circumstances. (So Ordered Judge Rudolph Contreras on 3/3/2021). (tj) (Entered: 03/03/2021) |
| 04/27/2021 | 13 | ☐ | Unopposed MOTION for Protective Order by USA as to FELIPE MARQUEZ. (Attachments: # 1 Text of Proposed Order)(Nestler, Jeffrey) (Entered: 04/27/2021) |
| 04/27/2021 | 14 | ☐ | Unopposed MOTION for Disclosure by USA as to FELIPE MARQUEZ. (Attachments: # 1 Text of Proposed Order)(Nestler, Jeffrey) (Entered: 04/27/2021) |
| 04/30/2021 | 15 | ☐ | Joint MOTION to Continue *Staus*, Joint MOTION for Speedy Trial *Tolling* by FELIPE MARQUEZ. (Attachments: # 1 Text of Proposed Order Proposed Order) (Halverson, Cara) (Entered: 04/30/2021) |
| 05/03/2021 | 16 | ☐ | PROTECTIVE ORDER setting forth procedures for handling confidential material; allowing designated material to be filed under seal as to defendant FELIPE MARQUEZ. (Signed by Judge Rudolph Contreras on 5/2/2021). (tj) (Entered: 05/03/2021) |
| 05/03/2021 | 17 | ☐ | ORDER granting 14 motion for disclosure as to defendant FELIPE MARQUEZ (1). (Signed by Judge Rudolph Contreras on 5/2/2021) (tj) (Entered: 05/03/2021) |

| 05/04/2021 | | | MINUTE ORDER as to FELIPE MARQUEZ: Upon consideration of the parties' motion for continuance 15 , the status conference currently scheduled for May 5, 2021 at 10:30am is hereby VACATED. The status conference is hereby rescheduled for July 9, 2021 at 10am before Judge Rudolph Contreras via Zoom Video. It is further ORDERED that pursuant the parties' agreement in the motion for a continuance, the Speedy Trial Act is tolled through July 9, 2021 in the interest of justice. (So Ordered Judge Rudolph Contreras on 5/4/2021) (Entered: 05/04/2021) |
| 07/09/2021 | | | Minute Entry for proceedings held before Judge Rudolph Contreras:Status Conference as to FELIPE MARQUEZ held on 7/9/2021. Parties inform the court of the status of this action. Oral motion to continue this case for a period of 60 days is GRANTED. Next Status Conference set for 9/10/2021 at 1:30 PM before Judge Rudolph Contreras via zoom video. Speedy trial is excluded (XT) from 7/9/2021 to 9/10/2021 in the interest of justice. Bond Status of Defendant: Personal Recognizance/with consent to appear by video.; Court Reporter: Lisa Bankins; Defense Attorney: Cara Halverson; US Attorney: Jeffrey Nestler; (tj) (Entered: 07/09/2021) |
| 09/02/2021 | 19 | ☐ | Joint MOTION to Convert Hearing *Status to Plea Hearing* by FELIPE MARQUEZ. (Attachments: # 1 Text of Proposed Order Proposed Order) (Halverson, Cara) (Entered: 09/02/2021) |
| 09/09/2021 | | | NOTICE OF HEARING as to FELIPE MARQUEZ: Status conference currently scheduled for 9/10/2021, is hereby CONVERTED to a plea hearing at 3:00 PM on the same date before Judge Rudolph Contreras via Zoom Video. (tj) (Entered: 09/09/2021) |
| 09/10/2021 | | | Minute Entry for proceedings held before Judge Rudolph Contreras: Plea Hearing as to defendant FELIPE MARQUEZ held on 9/10/2021. Defendant enters a plea of GUILTY to Count 3 of the indictment. CASE REFERRED TO PROBATION OFFICE for Presentence Investigation Report. The court will issue an order addressing defendant's release conditions. Sentencing is set for 12/10/2021 at 2:00 PM before Judge Rudolph Contreras via Zoom Video. Bond Status of Defendant: Personal Recognizance (with consent to appear by video); Court Reporter: Nancy Meyer; Defense Attorney: Cara Halverson; US Attorney: Jeffrey Nestler; Pretrial Officer: John Copes; (tj) (Entered: 09/10/2021) |
| 09/10/2021 | 21 | ☑ | PLEA AGREEMENT as to FELIPE MARQUEZ (tj) (Entered: 09/10/2021) |
| 09/10/2021 | 22 | ☐ | STATEMENT OF OFFENSE by FELIPE MARQUEZ (tj) (Entered: 09/10/2021) |
| 09/13/2021 | 23 | ☐ | SENTENCING SCHEDULING ORDER as to FELIPE MARQUEZ: See document for details. Signed by Judge Rudolph Contreras on 9/13/2021. (lcrc3) (Entered: 09/13/2021) |
| 09/13/2021 | 24 | ☐ | ORDER Setting Additional Conditions of Release as to FELIPE MARQUEZ. See document for details. Signed by Judge Rudolph Contreras on 9/13/2021. (lcrc3) (Entered: 09/13/2021) |
| 12/02/2021 | 28 | ☐ | SENTENCING MEMORANDUM by USA as to FELIPE MARQUEZ (Attachments: # 1 Exhibit Table with Sentencing Decisions)(Nestler, Jeffrey) (Entered: 12/02/2021) |

| 12/02/2021 | 29 | ☐ | SENTENCING MEMORANDUM by FELIPE MARQUEZ (Halverson, Cara) (Entered: 12/02/2021) |
| 12/03/2021 | 31 | ☐ | NOTICE *Regarding Status of Discovery as of Nov. 5, 2021,* by USA as to FELIPE MARQUEZ (Nestler, Jeffrey) (Entered: 12/03/2021) |
| 12/03/2021 | 32 | ☐ | NOTICE *of Filing of Discovery Memoranda* by USA as to FELIPE MARQUEZ (Attachments: # 1 Exhibit 1 - Discovery Status as of July 12, 2021, # 2 Exhibit 1A, # 3 Exhibit 2 - Discovery Status as of Aug. 23, 2021, # 4 Exhibit 3 - Discovery Status as of Sept. 14, 2021, # 5 Exhibit 4 - Discovery Status as of Oct. 21, 2021)(Nestler, Jeffrey) (Entered: 12/03/2021) |
| 12/10/2021 | | | Minute Entry for proceedings held before Judge Rudolph Contreras: Sentencing held via video on 12/10/2021 as to FELIPE MARQUEZ; the defendant agreed to participate via videoconference. Defendant sentenced on Count 3 to a term of eighteen (18) months Probation with conditions. Defendant ordered to pay a $25 special assessment; imposition of a fine waived; restitution ordered in the amount of $500. Count(s) 1, 2, 4, 5, Dismissed on Oral Motion of the Government. Bond Status of Defendant: Defendant placed on Probation/Appeared via videoconference; Court Reporter: Lorraine Herman; Defense Attorney: Cara K. Halverson; US Attorney: Jeffrey S. Nestler; Prob Officer: Carmen Newton. (zacr) (Entered: 12/10/2021) |
| 12/13/2021 | 36 | ☑ | JUDGMENT as to FELIPE MARQUEZ. Statement of Reasons Not Included. Signed by Judge Rudolph Contreras on 12/11/2021. (Entered: 12/15/2021) |
| 12/13/2021 | 37 | | STATEMENT OF REASONS as to FELIPE MARQUEZ re 36 Judgment Access to the PDF Document is restricted per Judicial Conference Policy. Access is limited to Counsel of Record and the Court. Signed by Judge Rudolph Contreras on 12/11/2021. (zhsj) (Entered: 12/15/2021) |

View Selected

or

Download Selected